UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROSE MORGAN, on behalf of herself and all others similarly situated,

                Plaintiffs,

   -v-

ACCOUNT COLLECTION TECHNOLOGY, LLC and LAW OFFICES OF DANIEL J. CIMENT,

                Defendants.

Case No. 05-CV-2131 (KMK)

OPINION AND ORDER

---

Appearances:

Lawrence Katz, Esq.
Katz & Kleinman PLLC
Uniondale, NY
*Counsel for Plaintiff*

Brian Thomas Carr, Esq.
Babchik & Young LLP
White Plains, NY
*Counsel for Defendant Account Collection Technology, LLC*

Lisa Jennifer Black, Esq.
Traub Eglin Lieberman Straus LLP
Hawthorne, NY
*Counsel for Defendant Law Offices of Daniel J. Ciment*

KENNETH M. KARAS, District Judge:

      Plaintiff, Rose Morgan, filed this class action complaint against Defendants, Account Collection Technology, LLC ("ACT") and the Law Offices of Daniel J. Ciment ("Ciment"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. Defendant Ciment moves to compel Plaintiff to accept his Rule 68 offer of judgment and dismiss the Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

Plaintiff argues that because the offer was made only to her and does not address the class claims, there remains an Article III case or controversy and therefore the case should not be dismissed as moot.  For the reasons discussed herein, the Motion is denied without prejudice.

I.  Background

Plaintiff filed this putative class action on February 15, 2005 alleging violations of sections 1692e(9), (10), (14) and 1692j of the FDCPA, after receiving a bar coded letter dated September 5, 2004 on Ciment letterhead, with a facsimile signature of Defendant Daniel J. Ciment, regarding a past due debt.  Plaintiff alleges Defendant ACT controlled the acts of Ciment and as such is a "debt collector" under the FDCPA.  Plaintiff further alleges that similar "form" letters were sent to potential class members and violated the FDCPA by making false representations and using deceitful means to collect debts.  Plaintiff seeks statutory damages for herself and all class members as well as the cost of the action, including reasonable attorneys' fees and expenses, pursuant to section 1692k(a)(3) of the FDCPA.  Plaintiff seeks no actual damages.

Defendants answered the Complaint on March 4, 2005.  The parties participated in an initial conference on June 27.  Defendants filed Amended Answers, after changing counsel, in July 2005.  On July 18, 2005, ACT filed an Amended Answer alleging two crossclaims against Ciment.  In response, Ciment submitted an Amended Answer filing the same crossclaims against ACT.  Ciment submitted his initial discovery disclosures on August 26, 2005.  According to Plaintiff, she received information from ACT January 19, 2006 regarding the number of members in the putative class.  However, to date Plaintiff has not filed a motion for class certification.

On September 6, 2005, Defendant Ciment made an offer of judgment pursuant to Rule 68 for $1,001.00 plus reasonable attorneys' fees and costs to be determined by the Court.[1] The offer of judgment only addressed individual relief for Plaintiff and did not include an offer for the putative class members. Plaintiff did not respond to the offer.

## II. Discussion

Defendant Ciment moves to compel acceptance of the Rule 68 offer, to retain jurisdiction only to determine reasonable attorneys' fees and any other costs the Court deems appropriate, and to dismiss the case and all cross claims as moot for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Defendant ACT supports the Motion. In response, Plaintiff argues that she should not be compelled to accept the offer because it does not satisfy the class claims and thus there remains a live controversy. Plaintiff also argues dismissal would violate the Rules Enabling Act and the separation of powers doctrine.

### A. Subject Matter Jurisdiction

Article III of the Constitution limits federal court jurisdiction to "cases" and "controversies." A case becomes moot, thus ending jurisdiction, "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969)) (citations omitted). However, the mootness doctrine has a flexible character and is "one of uncertain and shifting contours." *Id.* at 401 (citing *Flast v. Cohen*, 392 U.S. 83, 97 (1968)). Nonetheless, "as a general rule, a class action cannot be maintained unless there is a named plaintiff with a live controversy both at the time the complaint is filed and at the time the class is

---

[1] The FDCPA establishes the maximum statutory damages as $1,000 for an individual, or a named plaintiff, and "the lesser of $500,000 or 1 per centum of the net worth of the debt collector" for class members. *See* 15 U.S.C. § 1692k(a).

certified." *Swan v. Stoneman*, 635 F.2d 97, 102 n.6 (2d Cir. 1980) (citing *Sosna v. Iowa*, 419 U.S. 393, 402 (1975)).  When a named plaintiff lacks a personal stake in the litigation prior to class certification, the case becomes moot and the court should dismiss the action for lack of subject matter jurisdiction.  *See Bd. of Sch. Comm'rs of Indianapolis v. Jacobs*, 420 U.S. 128, 129-30 (1975); *Comer v. Cisneros*, 37 F.3d 775, 798 (2d Cir. 1994).  The issue here is whether an offer of relief that grants the named plaintiff the statutory maximum recovery allowable prior to class certification constitutes complete relief and warrants compelling acceptance of the offer and dismissal of the case for lack of subject matter jurisdiction.

B.  Rule 68 Offers of Judgment

Rule 68 of the Federal Rules of Civil Procedure allows a defendant to make an offer of judgment to a plaintiff for damages.[2]  Generally, when an offer of judgment constitutes full relief for the named plaintiff's substantive claims, the plaintiff ceases to have a personal stake in the case and the court lacks jurisdiction.  *See Abrams v. Interco Inc.*, 719 F.2d 23, 32 (2d Cir. 1983). Although the language of the rule gives a plaintiff the authority to accept or reject such offers, it may be appropriate for a court to compel acceptance of the offer when it is all the plaintiff could expect to receive through litigation, as the purpose of Rule 68 is to encourage settlement and avoid unnecessary litigation.  *See Ambalu v. Rosenblatt*, 194 F.R.D. 451, 453 (E.D.N.Y. 2000)

---

[2] Rule 68 reads:
At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued.  If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment.  An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs.  If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

(citing *Marek v. Chesny*, 473 U.S. 1, 5 (1985)).  When there is a "final judgment fully satisfying named plaintiffs' private substantive claims, . . . there is no justification for taking the time of the court and the defendant in pursuit of minuscule individual claims which defendant has more than satisfied."  *Ambalu*, 194 F.R.D. at 453 (citing *Abrams*, 719 F.2d at 32); *see also Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP*, 258 F. Supp. 2d 157, 159 (E.D.N.Y. 2003); *Edge v. C. Tech Collections, Inc.*, 203 F.R.D. 85, 88 (E.D.N.Y. 2001).  In such a case, the defendant's offer is no different than a default judgment on individual claims.  *See Abrams*, 719 F.2d at 33.

### C.  Defendant's Rule 68 Offer Constitutes Full Relief to the Named Plaintiff

Defendant Ciment's offer of judgment represents the most that Plaintiff can legally expect to receive from litigation.  Under 15 U.S.C. § 1692k(a)(2)(A), even if there is a certified class, the most a named plaintiff can receive under the FDCPA is $1,000 plus fees and costs.  Plaintiff contends that she is entitled to receive judgment against both defendants such that an offer of judgment from one defendant would not moot the entire action.  However, section 1692k(a)(2)(A) creates a ceiling that limits the damages an individual plaintiff can receive *per proceeding*, not per defendant.  *See Dowling v. Kucker Kraus & Bruh, LLP*, No. 99 Civ. 11958, 2005 WL 1337442, at *3 (S.D.N.Y. June 6, 2005) (citing *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 86 (2d Cir. 1998)).  Even courts refusing to compel acceptance of offers have held that a "Rule 68 offer of $1,000 plus reasonable costs and fees provided the maximum statutory relief available to [a plaintiff] individually under the FDCPA," regardless of the presence of multiple defendants.  *Weiss v. Regal Collections*, 385 F.3d 337, 340 (3d Cir. 2004).  Therefore, the remaining issue is whether Ciment's Rule 68 offer moots the case.

D. Rule 68 in Class Actions

Rule 68 also applies to class actions. *See McDowall v. Cogan*, 216 F.R.D. 46, 48 n.2 (E.D.N.Y. 2003) (noting Congress rejected an amendment to Rule 68 in 1984 that would have "preclude[d] offers of judgment in class or derivative actions"). However, the treatment of Rule 68 in class actions varies depending on the stage of certification. Offers of judgment to named plaintiffs may arise at four different points in a class action suit: 1) a Rule 68 offer is made after a Rule 23 motion for class certification is granted, 2) a Rule 68 offer is made after a Rule 23 motion for certification is denied, 3) a Rule 68 offer is made while a Rule 23 motion for certification is pending, or 4) a Rule 68 offer is made prior to the filing of a motion for class certification. While there is clear case law from the Supreme Court and the Second Circuit on the first two scenarios, there is no clear guidance on the latter two and the district courts are split on the appropriate resolution.

1. Rule 68 Offers Post-Certification or Post-Denial of Certification

The Supreme Court has held that when a class has been certified, mootness of the named plaintiff's personal claim does not render the entire controversy moot. *See Sosna*, 419 U.S. at 394 ("[E]ven though [defendant]. . . might not again enforce the Iowa durational residency requirements against the [class representative], it is clear that they will enforce it against those persons in the class that [plaintiff] sought to represent and the District Court certified."). Additionally, the Supreme Court has held that when class certification has been denied, the action is not mooted by the expiration of the named plaintiff's substantive claim because there is a continuing interest in the appeal of the denial of class certification. *See Geraghty*, 445 U.S. at 404 (holding that although the named plaintiff's interest in the case expired upon his release from prison, he could continue to appeal denial of class certification because "[a] proposed

representative retains a 'personal stake' in obtaining class certification sufficient to assure Art. III values are not undermined." ); *see also Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 336, 339 (1980) (holding "entry of judgment in favor of named plaintiffs over their objections did not moot" the action as the named plaintiff's individual interest "is sufficient to permit their appeal of the adverse certification ruling").

### 2.  Rule 68 Offers Made While Certification is Pending

In the context of a pending motion for class certification, the Fifth, Sixth, and Seventh Circuits have held that "a case does not become moot merely because of the tender to the named plaintiffs of their individual money damages" if the "motion for class certification has been pursued with reasonable diligence." *Susman v. Lincoln Am. Corp.*, 587 F.2d 866, 870 (7th Cir. 1978); *see also Brunet v. City of Columbus*, 1 F.3d 390, 400 (6th Cir. 1993) (suggesting that it would be inappropriate to moot a case based on an offer of judgment while a class certification motion is pending); *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1051 (5th Cir. 1981) (holding when "the plaintiffs have filed a timely motion for class certification and have diligently pursued it, the defendants should not be allowed to prevent consideration of that motion by tendering to the named plaintiffs their personal claims before the district court reasonably can be expected to rule on the issue").  Several district courts have also followed this position.  *See Weiss v. Fein, Such, Kahn & Shepard,* P.C., No. 01 Civ. 1086, 2002 WL 449653, at *2 (S.D.N.Y. March 22, 2002) (ruling on the pending class certification motion before addressing the Rule 68 offer and motion to dismiss to avoid the conflict between Rule 23 and Rule 68); *Silva v. Nat'l Telewire Corp.*, No. 99 Civ. 219, 2001 WL 1609387, at * 1 (D.N.H. Dec. 12, 2001) (holding that because class certification was pending, it would be inappropriate for the court to force the plaintiff to settle his individual claim); *Janikowski v. Lynch Ford, Inc.*, No. 98 Civ. 8111, 1999

WL 608714, at *1-2 (N.D. Ill. Aug. 5, 1999) (holding named plaintiff not required to accept an offer of settlement for personal claims when class certification was pending).  Neither the Supreme Court nor the Second Circuit has ruled on this question.

### 3.  Rule 68 Offers Made Prior to Certification Motions

There is less circuit court guidance on the treatment of Rule 68 offers made prior to filing a certification motion.  In the Second Circuit, "[i]n general, if the claims of the named plaintiffs become moot prior to class certification, the entire action becomes moot."  *Comer*, 37 F.3d at 798 (citing *Jacobs*, 420 U.S. at 129-30).[3]  However, the district courts in this Circuit are split as to whether a case should be dismissed for lack of subject matter jurisdiction when a Rule 68 offer for full relief to the named plaintiff is made prior to the filing of a motion for class certification or whether the relation back exception should apply to deem the action live.  Some courts readily compel a Rule 68 offer of complete relief to an individual plaintiff prior to certification and dismiss the case as moot without explicitly considering the timing of the offer.  *See, e.g., Greif*, 258 F. Supp. 2d at 159; *Edge*, 203 F.R.D. at 88; *Ambalu*, 194 F.R.D. at 453; *Tratt v. Retreival Masters Creditors Bureau, Inc.*, No. 00 Civ. 4560, 2001 WL 667602, at *2 (E.D.N.Y. May 23, 2001).  Other courts consider the timing of the offer and the diligence of the plaintiff in pursuing class certification to determine if the plaintiff had a reasonable opportunity to file for certification or if there has been undue delay.  *See, e.g., Weiss*, 385 F.3d at 348; *McDowall*, 216 F.R.D. at 51 n.5; *Schaake*, 203 F.R.D. 108, 112 (S.D.N.Y. 2001).  Yet, among these courts, there is no consistent definition of what constitutes a reasonable opportunity or an undue delay warranting dismissal.

---

[3] Neither *Comer* nor *Jacobs* involved a Rule 68 offer.

### a. Dismissing Cases as Moot Without Considering Timing

Some courts in this district (and other districts) have dismissed cases as moot when the offer of judgement to the named plaintiff constituted complete relief without considering whether the plaintiff had been given a reasonable opportunity to diligently file a class certification motion. For example, in *Ambalu*, *supra*, the plaintiff filed a class action suit alleging violations of the FDCPA after receiving a debt collection letter on the letterhead of the attorney defendant. 194 F.R.D. at 452. Alleging the use of false and deceitful means, the plaintiff claimed that the defendant authorized a co-defendant to mass produce and mail the collection letters without having an attorney first review the letters. The plaintiff sought statutory damages for himself and the putative class. *Id.* Three months after the plaintiff filed the complaint, the attorney defendant made a Rule 68 offer of $1,000 and reasonable attorneys' fees. *Id.* Ambalu rejected the offer and the defendant moved to compel acceptance and dismiss the case. *Id.* The court compelled acceptance of the offer based on the absence of class certification and dismissed the case for lack of subject matter jurisdiction. *Id.*

In granting the defendant's motion to dismiss, the *Ambalu* court noted that the Rule 68 offer from the defendant "provided the maximum statutory relief obtainable by Ambalu under the Fair Debt Act." *Id.* at 453. Moreover, even though the offer of judgment came only three months after the complaint was filed, the case was not decided for another thirteen months, giving Ambalu sixteen months to file for class certification.[4] *Id.* at 453. In the court's view,

---

[4] The court in *Ambalu* did not discuss timing in relation to whether the plaintiff had a reasonable opportunity to file for class certification. The fact that the offer was received before the plaintiff moved for certification was the only dispositive fact. The court commented that the plaintiff's arguments "may have some validity after class certification." *Ambalu*, 194 F.R.D. at 453. The timing as it relates to a reasonable opportunity to file for certification has become relevant when other courts distinguish or analogize *Ambalu*. *See e.g.*, *McDowall*, 216 F.R.D. at 51 n.5; *Schaake*, 203 F.R.D. at 112.

9

because Ambalu made no effort to file for certification during the intervening months, there was no force to Ambalu's claim that the offer of judgment failed to compensate the entire class. Given that the offer was all the plaintiff could hope to recover, the court found no reason to take the time of the court in pursuit of "a minuscule individual claim." *Id.* (citing *Abrams*, 719 F.2d at 32).

The *Ambalu* decision has served as a guide to other courts which have dismissed as moot FDCPA actions where a pre-class certification Rule 68 offer of judgment provides complete relief for the named plaintiff, regardless of a plaintiff's rejection of the offer or the timing of the offer. *See, e.g.*, *Edge*, 203 F.R.D. at 88 ("wholeheartedly agreeing with the sound reasoning of Judge Nickerson in *Ambalu*"); *Tratt*, 2001 WL 667602, at *2 ("simply adopt[ing] Judge Nickerson's opinion as being entirely dispositive here and accordingly granting defendant's motion to dismiss"); *Wilner v. OSI Collection Servs., Inc.*, 198 F.R.D. 393, 395 (S.D.N.Y. 2001) ("agree[ing] wholeheartedly with Judge Nickerson's reasoning").

### b.  The Question of Undue Delay

The Third Circuit has adopted the rule that "absent undue delay in filing a motion for class certification . . . where a defendant makes a Rule 68 offer to an individual [FDCPA] claim that has the effect of mooting the possible class relief asserted in the complaint, the appropriate course is to relate the certification motion back to the filing of the class complaint." *Weiss*, 385 F.3d at 348.  In *Weiss*, two months after the amended complaint was filed, before plaintiff moved for class certification, and before defendant filed an answer, defendant made an offer of judgment for $1,000 plus attorneys' fees and costs. *Id.* at 340.  Plaintiff did not accept the offer and the defendant filed a motion to dismiss. *Id.*  Plaintiff argued that because the offer of judgment did not offer relief to the putative class, the case was not made moot by the offer. *Id.*  As in *Ambalu*,

the court held that as a threshold matter the Rule 68 offer constituted all of the statutory relief available to Weiss as an individual plaintiff.  *Id.*  However, because the offer was made two months after the complaint was filed, plaintiff had not engaged in undue delay in not having filed for class certification.  *Id.* at 344.  In the Third Circuit's view, employing the relation back exception was therefore appropriate.  *Id.*  As the court explained: "to give effect to the purposes of Rule 23, it is necessary to conceive of the named plaintiff as part of an indivisible class and not merely a single adverse party even before the class certification question has been decided."  *Id.* at 347.

In addition, the Third Circuit noted that the concerns identified by the Supreme Court in *Roper* regarding "a defendant's ability to 'pick off' representative plaintiffs and thwart a class action [ ] have a direct application to the issue presented."  *Id.* at 344 (citing *Roper*, 445 U.S. at 339).  Thus, according to *Weiss*, dismissing the case when the offer of judgment was made early in the litigation "may undercut the viability of the class action procedure, and frustrate the objectives of this procedural mechanism for aggregating small claims, like those brought under the FDCPA."  *Id.*  The court further noted that under the FDCPA, class actions are fundamental to the statutory structure of the FDCPA.  Thus, compelling acceptance of Rule 68 offers early in litigation would "frustrate Congress's explicit directive that the FDCPA be enforced by private attorney generals acting in a representative capacity."  *Id.* at 345.

Some courts within the Second Circuit have embraced the reasoning of *Weiss*.  In *Schaake*, the plaintiff filed a class action complaint alleging violations of the FDCPA seeking statutory damages.  203 F.R.D. at 109.  Just thirty-two days later, the defendant made a Rule 68 offer for $1,000 and reasonable attorneys' fees before even submitting an answer.  The court, in denying the motion to dismiss, reasoned that the offer came "well before plaintiff could be

11

reasonably expected to file its class certification motion," as the record was incomplete and "class certification [was] merely awaiting the relevant discovery." *Id.* According to the *Schaake* court, granting the motion to dismiss "would clearly hamper the sound administration of justice, by forcing a plaintiff to make a class certification motion before the record for such a motion is complete." *Id.* at 112. In effect, such a rule would permit defendants to circumvent Rule 23 and avoid full liability. *Id.* The court in *Schaake* also specifically distinguished *Ambalu*, as "the plaintiff therein *never* moved for class certification in nearly two years of litigation," whereas the plaintiff in *Schaake* "– unlike the plaintiff in *Ambalu* – has in no way run afoul of Rule 23 by failing to move for certification *before the filing of the answer*." *Id.*

Similarly, in *White v. OSI Collection Servs., Inc.*, No. 01 Civ. 1343, 2001 WL 1590518 (E.D.N.Y. Nov. 5, 2001), the plaintiff filed a class complaint seeking statutory damages for violations of the FDCPA. *Id.* at *1. One day after filing the answer, the defendant made an offer of judgment for $2,000 plus costs and reasonable attorneys' fees. While no motion for certification had been filed prior to the offer of judgment, eighteen days after the offer was made the plaintiff requested a pre-motion conference, in accordance with the court's rules for class certification. The defendant moved the court to compel acceptance of the offer and dismiss the case under Rule 12(b)(1). *Id.* In agreeing with the reasoning in *Schaake*, the court in *White* held that when an "offer of judgment comes very early in the litigation and before a plaintiff . . . can reasonably bring a motion to certify – it is proper to apply the relation back exception even though no motion for class certification has yet been filed." *Id.* at *6. Acknowledging that there will be times when a "plaintiff's failure to move for class certification prior to service of a Rule 68 offer of judgment will not qualify for an exception to the bright line mootness rule," the court nonetheless found "the plaintiff did not run afoul of Rule 23 when the defendant served an offer a

12

mere one day after defendant answered." *Id.  Ambalu* was also distinguished as the offer of judgment "may well have not come on the heels of an answer," giving the plaintiff more time to file for certification.  *Id.* at *2 n.4.  The court subsequently denied the motion to compel acceptance of the Rule 68 offer and granted the filing of a motion for class certification.  *Id.* at *6.

The logic of the aforementioned cases has also been used when the plaintiff has had more time to file for certification.  In *Nasca v. GC Servs. Ltd. P'ship*, No. 01 Civ. 10127, 2002 WL 31040647 (S.D.N.Y. Sept. 12, 2002), the defendant offered statutory damages to the named plaintiff four months after the FDCPA class action complaint was filed.  2002 WL 31040647, at *1, *3.  Ten days after making the Rule 68 offer, the defendant filed a motion to compel acceptance of the offer and dismiss the case as moot.  The court denied the motion holding that the plaintiff "had not yet had a reasonable opportunity to file a motion for certification" as the offer was made only two months after the answer was filed and one month after the initial conference.  *Id.* at *3.

While there is ample authority suggesting that FDCPA plaintiffs be given a "reasonable opportunity" or not engage in "undue delay" in moving for class certification, there is no precise definition of what constitutes either "reasonable opportunity" or "undue delay."  *Compare Nasca*, 2002 WL 31040647, at *3 (holding there was not a reasonable opportunity to file for class certification when the Rule 68 offer was made less than two months after the answer and one month after the initial conference), *with Tratt*, 2001 WL 667602, at *1 (compelling acceptance of a Rule 68 offer that was made four months after the complaint was filed and less than three months after filing the amended complaint).  Not only do the courts disagree on what qualifies as a reasonable opportunity, they also do not agree on how the timing should be calculated.  For

13

instance, in *Weiss* the court considered the time from the filing of the action to the making of the offer, whereas the court in *Nasca* considered the time between the answer and the initial conference and the offer. *Compare Weiss*, 385 F.3d at 340, *with Nasca*, 2002 WL 31040647, at *3. Still other courts consider the time from the filing of the action to the court's decision on the motion to dismiss. *See Greif*, 258 F. Supp. 2d at 161; *see also McDowall*, 216 F.R.D. at 51 n.5 (distinguishing *Ambalu* by calculating the time from the filing of the action to the judgment on the motion); *Schaake*, 203 F.R.D. at 112 (distinguishing *Ambalu* by calculating the time from the filing of the complaint to the court's decision to dismiss the case).

### E. The Circumstances of this Case

Here, Plaintiff filed the Complaint on February 15, 2005. Defendants filed initial Answers on March 4, 2005 and Amended Answers in July 2005. An initial conference was held June 27, 2005 to set a discovery schedule and Defendant Ciment provided his initial discovery on August 26, 2005. Ciment made an offer of judgment to plaintiff for $1,001 plus costs and reasonable attorneys' fees on September 6, 2005 and filed the present motion January 26, 2006. Defendant Ciment argues that compelling acceptance and dismissing the case is appropriate because Plaintiff has been dilatory in filing for class certification. However, Plaintiff contends that she was not dilatory, but rather she was awaiting the relevant discovery regarding the number of putative class members. It appears that Plaintiff requested this information in the initial interrogatories on August 10, 2005,[5] but Defendant ACT did not submit until January 19, 2006.

---

[5] Plaintiff's first set of interrogatories for ACT are not on record, but the Court does have record of the interrogatories submitted to Ciment. The first interrogatory reads: "State by year the number of persons who were sent, between February 15, 2005, and the present: (a) a collection letter bearing the letterhead of defendant Law offices of Daniel J. Ciment, PLLC, and; . . . (c) which related to accounts of defendant Account [Collection] Technology, LLC . . . ." (Notice of Motion Ex. D 1) These interrogatories were served on August 10, 2005. It can be inferred that this interrogatory was also submitted to ACT.

14

At oral argument, Plaintiff also stated that she still needed discovery regarding Defendant ACT's net worth, which is relevant in calculating damages under the FDCPA. *See* 15 U.S.C. § 1692k(a).[6]

Given this record, the Court is unpersuaded that Plaintiff has engaged in undue delay in filing a motion for class certification. Defendant Ciment made his Rule 68 offer of judgment less than two months after the Amended Answers were filed. Although Plaintiff has had time to move for class certification since filing the Complaint, unlike the plaintiffs in *Ambalu* and *Greif* who gave no reasons for the delay, Plaintiff has expressed some legitimate concern about the timing of discovery relevant to a potential class certification motion. Thus, under these circumstances, "Plaintiff's claims ought not to be rendered moot by an offer of judgment submitted before counsel has a reasonable opportunity to compile a record necessary to support a motion for class certification." *Vega v. Credit Bureau Enters.*, No. 02 Civ. 1550, 2003 WL 21544258, at *2 (E.D.N.Y. July 9, 2003).

However, as Plaintiff was unwilling to commit to filing a motion for class certification during oral argument, there is no productive purpose for waiting an extended period of time for Plaintiff to file such a motion. Therefore, given that Plaintiff has had some time to digest the discovery provided to date, Plaintiff will be given one month from the date of this Opinion to move for class certification. If Plaintiff fails to file a motion within one month, Defendant can make a new offer of judgment and file a motion to dismiss.[7]

---

[6] It bears noting that counsel for Plaintiff had a recollection that during a conference the Court suggested Plaintiff wait to file for class certification until the motion to dismiss was resolved. Counsel for Defendants did not share this recollection.

[7] As the Court is denying, without prejudice, Defendants' Motion to Dismiss, there is no need to address Plaintiff's Rules Enabling Act or separation of powers arguments.

## III. Conclusion

For the reasons stated above, Defendants' Motion to Dismiss is DENIED without prejudice. Plaintiff must file a motion for class certification within one month of this Order.

SO ORDERED.

Dated:   August 29, 2006
         New York, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

Service List:

Lawrence Katz, Esq.
Katz & Kleinman PLLC
626 EAB Plaza
Uniondale, NY 11556
Fax: (888)-903-8400
*Counsel for Plaintiff*

Jack Babchik, Esq.
Brian Thomas Carr, Esq
Babchik & Young LLP
200 East Post Road
White Plains, NY 10601
Fax: (914)- 470-0009
*Counsel for Defendant Account Collection Technology, LLC*

Mario Castallitto, Esq.
Lisa Jennifer Black, Esq.
Traub Eglin Lieberman Straus LLP
7 Skyline Drive
Hawthorne, NY 10532
*Counsel for Defendant Law Offices of Daniel J. Ciment*